**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Kyle Gotshalk, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Peter Hellwig, et al.,<br><br>    Defendants | Case No.: 2:13-cv-448-JAD-NJK<br><br>**Order Denying Without Prejudice Plaintiff's Application for Default Judgment [Doc. 15]** |

Pending before the Court is Plaintiff's Application for Default Judgment Against Defendant Stakool, Inc. [Doc. 15], currently scheduled for a prove-up hearing on Friday, March 21, 2014.  The Application made arguments for why Plaintiffs should be awarded declaratory relief, injunctive relief, and attorney fees.  Doc. 15 at 9-11.  Plaintiffs' request for relief included the following:

    1.    to grant their []Application for Default Judgment;
    2.    to render judgment in their favor of Plaintiffs and against defendant, Stakool, for the declaratory []relief requested herein as shown above;
    3.    to enforce the declaratory relief through injunction as necessary;
    4.    to award attorney fees and costs; and
    5.    to award Plaintiffs all such other and further relief to which he may be entitled at law or in equity.

*Id.* (All spelling and punctuation in original).  On March 19, 2014, two days before the prove-up hearing, Plaintiffs filed an "errata."  Doc. 46.  The "errata" retains each of the five original requests for relief and adds one additional request "to award Plaintiffs money damages for their losses."  Doc. 46 at 4.

Plaintiffs' original motion failed to include any argument for why awarding "money damages" was appropriate, and no additional information or argument substantiating this request has been offered. In light of this significant change in the scope of Plaintiffs' Application, the Court determines that Plaintiffs' original Application should be denied without prejudice, with leave to file a complete application no later than ten days after this order to specifically and comprehensively argue for, and articulate, all relief requested against Stakool. Given the protracted history of this motion,[1] any further errata or request for extension of this deadline will be looked upon with considerable disfavor.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Application for Default Judgment [Doc. 15] is **DENIED WITHOUT PREJUDICE**, subject to re-filing no later than ten days after the issuance of this order. The hearing scheduled for March 21, 2014 is hereby **VACATED**.

DATED: March 19, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

---

[1] Plaintiffs originally moved to expedite consideration of the motion on August 2, 2013, Doc. 20, which the Court granted and set for oral argument on October 21, 2013. Doc. 28. The next day, Plaintiffs moved for expedited consideration of a request to continue the hearing to effect settlement in the case, Doc. 30, which was granted, with the hearing re-set for November 25, 2013. Doc. 31. Five days before this re-scheduled hearing, Plaintiffs moved once more to continue the hearing, Doc. 34, which the Court again granted, re-setting the hearing for January 27, 2014. Doc. 35. Then, on January 21, 2014, Plaintiffs moved for expedited consideration of a third request for continuance, Doc. 36, which the Court granted in part, re-setting the hearing for March 21, 2014. Doc. 37. Plaintiffs' counsel then moved for expedited consideration of a request to withdraw as counsel of record in this action, citing a "breakdown in communication with the client." Doc. 38. As a withdraw would have left a corporate plaintiff without representation which almost certainly would have required a continuance of the March 21, 2014 prove-up hearing, the motion to withdraw as counsel was set for a hearing on March 11, 2014. However, on March 11, 2014, Plaintiffs' counsel moved for expedited consideration of a new request to withdraw the motion to withdraw as counsel, stating that "Counsel has reconciled with clients regarding continuing representation." Doc. 43.