**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Kyle Gotshalk, et al.,

    Plaintiffs

    v.

Peter Hellwig, et al.,

    Defendants

Case No.: 2:13-cv-448-JAD-NJK

**Order Granting Defendant Stakool's Motion to Set Aside Clerk's Entry of Default [Doc. 51] and Denying as Moot and Without Prejudice Plaintiff's Motion for Default Judgment [Doc. 48]**

    Plaintiffs formerly owned and controlled Stakool, a publicly traded company, until they allegedly sold their interest to defendants in exchange for company stock and cash that they allege was never fully paid. *See* Doc. 4. The parties engaged in protracted attempts at settling this contract and securities case, without complete success. There are two pending motions: Plaintiff's Application for Default Judgment, Doc. 48, which seeks a default judgment against remaining defendants Peter Hellwig, Anthus Life Corp., and Stakool, Inc.; and Stakool's motion to set aside the clerk's prior entry of default. Doc. 51. Considering the public policy favoring resolving cases on their merits, I find that Stakool should be entitled to assert its defenses, and I find good cause to set aside the default. Having revived the claims against Stakool, I deny the motion for default judgment against Stakool as moot. And as Hellwig and Anthus are similarly situated to Stakool and could be subject to different outcomes on the same legal theory if Stakool successfully defends itself, I deny plaintiffs' motion for default judgment against Hellwig and Anthus as premature and without prejudice.

**Discussion**

**A.    Motion to Set Aside Clerk's Entry of Default [Doc. 51]**

    Fed. R. Civ. Proc. 55 provides a mechanism for obtaining a default judgment against a party who has failed to plead or otherwise respond to claims brought against it. Where this

1

failure is "shown by affidavit or otherwise," the clerk must enter that party's default.[1] "The court may set aside an entry of default for good cause."[2] "Good cause" is determined through three factors: (a) whether the defaulting party engaged in culpable conduct that led to the default, (b) whether there is a meritorious defense, and (c) whether reopening the case would cause prejudice to the Plaintiff.[3] This test is disjunctive, and proof of any of these three factors may justify setting aside the default.[4] Overarching all of these factors is the Ninth Circuit's stated policy favoring adjudication of disputes on their merits,[5] with doubts resolved in favor of setting aside the default.[6]

A clerk's entry of default was entered against Stakool, who now moves to set it aside, in part because Stakool has a meritorious defense. Docs. 12, 13, 51. For example, Plaintiffs' claims against Stakool include a breach-of-contract claim, premised on Stakool's failure to issue 1.2 million shares of Stakool stock to plaintiffs after they relinquished control of the company. Docs. 4 at 6, 17; 51 at 2-5. Stakool argues that it can show that plaintiffs "relinquished any and all claims or rights they had with respect to the transaction at issue when they sold said claims or rights to third party . . . Ironridge Global IV, Ltd." Doc. 51 at 5. The documents attached to plaintiffs' opposition to the motion to set aside confirm that the Ironridge transaction occurred. Doc. 55-1 at 5. In light of the revelation of the Ironridge transaction—a fact absent from plaintiff's complaint—I find that Stakool may have a meritorious defense to this action or at least should be permitted to raise one given the public policy favoring resolving cases on their merits.

Having found one of the "good cause" factors satisfied, I need not necessarily

---

[1] Fed. R. Civ. Proc. 55(a).

[2] *Id.* at 55(c).

[3] *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

[4] *See Brandt v. American Bankers Insurance Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011).

[5] *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

[6] *Schwab v. Bullock's, Inc.*, 508 F.2d 353, 355 9th Cir. 1974).

consider whether Stakool engaged in culpable conduct or whether reopening of the case would prejudice the plaintiffs. However, I note that plaintiffs' "prejudice" argument—that reopening the case will allow Stakool's "rogue board of directors . . . . [f]urther opportunity for fraud and collusion"—appears meritless given the protracted, unilateral gamesmanship surrounding their attempts to secure a default judgment against Stakool. Doc. 55 at 11.[7] For almost a year plaintiffs have, in one way or another, delayed adjudication of the merits of their request for default judgment against Stakool. If plaintiffs were genuinely aggrieved by the actions Stakool's "rogue board of directors" might take to injure the company, it defies logic they would have orchestrated almost a year of delays in bringing this motion. As to culpable conduct, the numerous communications between the parties demonstrate that, and that if a breakdown in communication occurred, the blame is shared equally. *See* Doc. 55-1. In sum, good cause exists to set aside the clerk's entry of default as to Stakool. The motion (Doc. 51) is granted; the default against Stakool (Doc. 13) will be set aside.

## B.     Motion for Default Judgment [Doc. 48]

As I have set aside the default against Stakool, I consider plaintiffs' motion for default judgment only against Peter Hellwig and Anthus Life Corporation, and I find that a default judgment against Hellwig or Anthus is premature due to the posture of the case.

---

[7] Plaintiffs originally moved for default judgment against Stakool over fourteen months ago. Doc. 15. They then moved to expedite consideration of the motion on August 2, 2013, Doc. 20, which the court granted and set the motion for oral argument on October 21, 2013. Doc. 28. The next day, plaintiffs moved for expedited consideration of a request to continue the hearing to effect settlement in the case, Doc. 30, which was granted, with the hearing re-set for November 25, 2013. Doc. 31. Five days before this re-scheduled hearing, plaintiffs moved once more to continue the hearing, Doc. 34, which the court again granted, re-setting the hearing for January 27, 2014. Doc. 35. Then, on January 21, 2014, plaintiffs moved for expedited consideration of a third request for continuance, Doc. 36, which the court granted in part, re-setting the hearing for March 21, 2014. Doc. 37. Plaintiffs' counsel then moved for expedited consideration of a request to withdraw as counsel of record in this action, citing a "breakdown in communication with the client." Doc. 38. As a withdraw would have left a corporate plaintiff without representation and almost certainly would have required a continuance of the March 21, 2014, prove-up hearing, the motion to withdraw as counsel was set for a hearing on March 11, 2014. However, on March 11, 2014, Plaintiffs' counsel moved for expedited consideration of a new request to withdraw the motion to withdraw as counsel, stating that "Counsel has reconciled with clients regarding continuing representation." Doc. 43. On March 19, 2014, two days before the prove-up hearing, plaintiffs filed an "errata." Doc. 46. The "errata" retained each of the five original requests for relief and adds one additional request "to award Plaintiffs money damages for their losses." Doc. 46 at 4. Because neither the original motion for default judgment nor the "errata" included any argument for why awarding "money damages" was appropriate, the court denied the motion for default judgment without prejudice, subject to more comprehensive briefing. Doc. 47. Plaintiffs then filed a new motion for default judgment on April 3, 2014. Doc. 48.

3

Rule 54(b) states that "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more, but fewer than all . . . parties only if the court expressly determines that there is no just reason for delay."[8] Additionally, the Ninth Circuit follows the time-honored *Frow* doctrine for considering default judgments in multi-defendant cases: "where a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the defaulting defendant until the matter has been adjudicated with regard to all defendants."[9] The Ninth Circuit extends this doctrine to cases where the co-defendants are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action."[10]

In their complaint, plaintiffs allege that "Stakool is vicariously liable and responsible for all of Hellwig's actions, omissions, and conduct." Doc. 4 at 5. Numerous counts in the plaintiffs' amended complaint are lodged against Hellwig, Anthus, and Stakool collectively and often without distinguishing their culpability of conduct. *See* Doc. 4.[11] Thus, there is a very real possibility that if Stakool's defense is proven meritorious, it and the similarly situated defaulted defendants will experience different legal outcomes on the same claim. A straightforward application of the *Frow* doctrine precludes me from currently entering default judgment against either Hellwig or Anthus. Regardless, delaying entry of judgment will by no means prejudice plaintiffs, given their own history of unilateral delay. Plaintiffs' motion for a default judgment against Hellwig and Anthus is denied without prejudice.

---

[8] Fed. R. Civ. Proc. 54(b).

[9] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).

[10] *Geramendi v. Henin*, 683 F.3d 1069, 1082-83 (9th Cir. 2012) (quotation omitted).

[11] These claims are: breach of contract (Count 4), contractual breach of the implied covenant of good faith and fair dealing (Count 5), negligent misrepresentation (Count 8), unjust enrichment (Count 9), declaratory judgment (Count 10), conversion (Count 11), constructive trust (Count 12), injunctive relief (Count 13), civil conspiracy (Count 20), accounting (Count 21), and appointment of a receiver (Count 22). *See* Doc. 4.

4

**Conclusion**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Stakool's Motion to Set Aside Clerk's Entry of Default **[Doc. 51] is GRANTED**. The clerk of court is directed to set aside the default against Stakool [Doc. 13].

It is FURTHER ORDERED that Plaintiff's Motion for Default Judgment **[Doc. 48] is DENIED WITHOUT PREJUDICE** as to Hellwig and Anthus; it is **DENIED AS MOOT** as to Stakool.

DATED: September 19, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE