# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| KYLE GOTSHALK, et al., ) | Case No. 2:13-cv-00448-JAD-NJK |
| Plaintiff(s), ) | |
| ) | REPORT AND RECOMMENDATION |
| vs. ) | |
| PETER HELLWIG, et al., ) | |
| Defendant(s). ) | |

On February 26, 2016, the Court ordered Defendant and Counter-claimant Stakool Inc. to retain counsel and have that counsel enter a notice of appearance by March 25, 2016. Docket No. 90. When Stakool failed to comply, the Court ordered it to show cause why case dispositive sanctions should not be entered against it. Docket No. 91. The Court warned that "**[f]ailure to respond to this order will result in a recommendation of case-dispositive sanctions**." *Id.* The deadline to respond to that order was April 14, 2016. To date, Stakool has not complied and has not sought an extension to that deadline.

The willful failure of Stakool to comply with the Court's orders is an abusive litigation practice that has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than default judgment and dismissal are unavailable because Stakool has wilfully refused to comply with multiple court orders despite the warning that dismissal may result. Moreover, the Ninth Circuit has held that case-dispositive sanctions are appropriate for a corporation's failure to retain counsel for the duration of the litigation

since corporations may not appear in federal court without licensed counsel. *See United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993).

Accordingly, **IT IS RECOMMENDED** that default judgment be entered on Plaintiffs' claims against Stakool and that the counterclaims brought by Stakool be dismissed with prejudice.

DATED: April 15, 2016

_____
NANCY J. KOPPE
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within (14) days after service of this Notice. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985), *reh'g denied*, 474 U.S. 1111 (1986). This Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).