UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Kyle Gotshalk, *et al.*,

    Plaintiffs

v.

Peter Hellwig, *et al.*,

    Defendants

2:13-cv-00448-JAD-NJK

**Order Denying Without Prejudice Motion for Default Judgment**

[ECF No. 99]

    In this securities action, Kyle and Leonard Gotshalk, Clinton Hall, LLC, Richard Maher, and Patrick O'Loughlin sue Peter Hellwig, Anthus Life Corp., and Stakool Inc., alleging that Hellwig and his alter-ego companies defrauded plaintiffs of their shares and control of defendant-company Stakool.[1] Defaults have been entered against all defendants,[2] and plaintiffs now move for default judgment against them. Because plaintiffs failed to address the *Eitel* factors in their motion, I deny the motion without prejudice.[3]

**Discussion**

    When the clerk has entered a default against a party, Rules 54(b) and 55 of the Federal Rules of Civil Procedure permit the court to enter a default judgment.[4] The Ninth Circuit in *Eitel v. McCool* set forth seven factors that govern the district court's decision whether to enter a default judgment: (1) potential prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount of money at stake in the action; (5) the potential disputes as to material facts; (6) whether the default was due to excusable neglect; and (7) the strong

---

[1] ECF No. 4.

[2] ECF Nos. 26, 94.

[3] I find this motion suitable for disposition without oral argument. L.R. 78-1.

[4] *Eitel v. McCool,* 782 F.2d at 1470, 1471 (9th Cir. 1986); *Trustees of the Bricklayers & Allied Craftworkers Local 13 Defined Contribution Pension Trust for S. Nev. v. Tumbleweed Dev., Inc.,* 2013 WL 143378, at *2 (D. Nev. Jan. 11, 2013) (citing *Eitel*).

federal policy favoring adjudications on the merits.[5]

Except for the amount of money at stake and the merits of some of their substantive claims, plaintiffs' motion does not address the *Eitel* factors.  Plaintiffs have thus left me without the guidance and information I need to determine whether a default judgment is warranted.  I therefore deny plaintiffs' motion without prejudice to their ability to file a new motion that addresses the *Eitel* factors and explains why these factors warrant the default judgment that plaintiffs request.[6]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **plaintiffs' motion for default judgment [ECF No. 99] is DENIED without prejudice.**

Dated this 23rd day of June, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[5] *See Eitel,* 782 F.2d at 1471–72.

[6] *See, e.g., Rimlinger v. Shenyang 245 Factory,* 2014 WL 2527147 (D. Nev. June 4, 2014); *Neumont Univ., LLC v. Little Bizzy, LLC,* 2014 WL 2112938 (D. Nev. May 20, 2014); *U.S. S.E.C. v. Brandonisio,* 2013 WL 5371626 (D. Nev. Sept. 24, 2013); *Trustees of Teamsters Local 631 Sec. Fund for S. Nev. v. Knox Installation-Dismantling and Services*, 2013 WL 4857897 (D. Nev. Sept. 9, 2013).